IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER WILLS, | : |
| | : |
| Petitioner, | : |
| | : **CIVIL ACTION NO. 3:04-2328** |
| vs. | : |
| | : (JUDGE NEALON) |
| JOSEPH SMITH, WARDEN | : (MAGISTRATE JUDGE SMYSER) |
| | : |
| Respondent | : |

**MEMORANDUM and ORDER**

On October 21, 2004, Petitioner, an inmate at USP-Lewisburg filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence, imposed by the United States District Court for the District of Maryland.[1] Specifically, the petition asserts that Petitioner is actually innocent of the car-jacking offense,

---

[1] Petitioner pleaded guilty to robbery, in violation of 18 U.S.C. § 1951, car-jacking in violation of 18 U.S.C. § 2119, and the use of a firearm in relation to the car-jacking, in violation of 18 U.S.C. § 924(c). He received concurrent sentences of 110 months on the robbery and car-jacking convictions and a consecutive 60 month sentence on the firearm offense. An appeal was dismissed by the Fourth Circuit Court of Appeals and a petition for writ of certiorari was denied by the United States Supreme Court. He thereafter filed a motion pursuant to 28 U.S.C. § 2255, which was denied initially by the district court and on an application for a certificate of appealability by the Fourth Circuit. A petition for writ of certiorari to the Supreme Court on the § 2255 motion was also denied. He then filed a motion for reconsideration under FRCP 60(b) citing newly discovered evidence, but the motion was denied by both the district court and court of appeals. Petitioner subsequently sought leave to file a successive § 2255 petition, which was denied by the Fourth Circuit Court of Appeals. A motion for modification of sentence was likewise denied by the district court and affirmed by the Fourth Circuit Court of Appeals.

for which he was convicted and is currently incarcerated. He maintains that amendments[2] to the criminal statute, that became effective prior to his conviction, require an intent to kill or cause serious bodily harm, which could not be met in the instant case based on the fact that the gun used in the offense was broken and could not be fired. A response to the petition was filed on March 28, 2005 (Doc. 11), to which Petitioner filed a Traverse on April 7, 2005 (Doc. 12).

On April 11, 2005, United States Magistrate Judge J. Andrew Smyser issued a Report and Recommendation (Doc. 13) in this matter recommending that the petition be dismissed. Petitioner filed his objections to the Report and Recommendation on April 25, 2005 (Doc. 14) to which Respondent filed a brief in opposition on May 3, 2005. (Doc. 15). The matter is now ripe for disposition. For the reasons stated below, the petition will be dismissed.

**Discussion**

When objections to a report and recommendation have been filed, under 28 U.S.C. 636(b)(1)(C), the court must make a *de novo* consideration of those portions of the report to which there have been objections. See Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In so doing, the court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. §636(b)(1); Local Rule 72.31.

---

[2] The amendments referenced by Petitioner were made effective in 1994, five (5) years prior to his instant offense.

2

Further, the court may, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Petitioner makes three (3) objections to the Report and Recommendation issued by Magistrate Judge Smyser.  First, he contends that he did not consent to proceed before a Magistrate Judge and therefore the referral to Magistrate Judge Smyser is jurisdictionally defective.  He also maintains that the Report and Recommendation was in error in finding that he has failed to meet the safety-valve provisions of § 2255 by showing that § 2255 has been rendered inadequate or ineffective to test the legality of his detention.  Finally, Petitioner argues that the car-jacking statute upon which his conviction and sentence is based has been amended to now require a specific intent to cause serious bodily harm or death, which cannot be established in his case inasmuch as the weapon used was broken and could not be fired.

Initially, it should be noted that Petitioner misconstrues the form sent him captioned "Notice of Availability of a Magistrate to Exercise Jursidiction," which he did not execute.  The Federal Magistrate Act provides that "[u]pon the consent of the parties, a full-time United States Magistrate Judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1).  Generally, "a magistrate judge, without the consent of the parties, has the power to enter orders which do

not dispose of the case." In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998).  Unlike a § 636(c)(1) referral, which gives the magistrate judge full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review, nonconsensual referrals of pretrial but case-dispositive matters under § 636(b)(1) leaves the district court free to do as it sees fit with the magistrate judge's recommendations.  Roell v. Withrow, 538 U.S. 580, 585 (2003).  The Court of Appeals for the Third Circuit has held that "power given to and exercised by the magistrate to make findings and recommendations in connection with a petition for a writ of habeas corpus does not usurp the power of a United States District Court, nor does it constitute an unconstitutional delegation of judicial power to a nonjudicial officer."  Frazier v. Owens, 1986 WL 2377, *1 (E.D.Pa. 1986)(citing U.S. ex rel. Henderson v. Brierley, 468 F.2d 1193 (3d Cir.1972).  Consequently, it is apparent that the consent of either party is not necessary for the Magistrate Judge to issue a Report and Recommendation in this matter.  Id.

Petitioner next challenges the present availability of a petition under § 2241 to challenge his conviction and sentence.  He contends that the usual avenue to test the legality of one's detention, a petition pursuant to 28 U.S.C. § 2255, is inadequate and/or ineffective in the present case.  The Magistrate Judge determined that the petition should be dismissed inasmuch as 28 U.S.C. § 2255, rather than § 2241, is the proper vehicle to challenge a conviction and sentence.  Okereke v. U.S., 307 F.3d 117 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  Section 2255 allows recourse to original writs of habeas

corpus [§ 2241]only in narrowly defined circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C. Cir. 1986)). The Report and Recommendation observed that the § 2241 petition presently before this court can be construed as nothing more than a successive § 2255 motion, which cannot be sustained absent certification by the court of appeals.

This court agrees with the Magistrate Judge's determination that Petitioner may not raise these claims through the present petition solely because he failed to obtain relief with his original §2255 petition. An unsuccessful challenge is insufficient to render a §2255 petition inadequate or ineffective. Additionally, Petitioner is not without available redress should such claims be deemed meritorious. A successive §2255 petition may be filed if

Petitioner obtains certification from the Fourth Circuit Court of Appeals.[3] After unsuccessfully seeking the requisite certification from the Fourth Circuit, he filed the current habeas corpus petition under § 2241 alleging the same grounds. As indicated above, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing such a motion. The current statutory framework does not "permit a litigant unhappy with the result of his . . . § 2255 petition a second bite at the apple merely by placing a § 2241 caption on a new pleading." Smith v. United States, 1998 WL 351785 *6 (D.N.J). As such, the § 2241 petition presently before this court is construed as nothing more than a successive § 2255 application. See id. Therefore, the petitioner has no right to seek relief pursuant to § 2241. For that reason, the petition must be dismissed for lack of jurisdiction.[4]

---

[3] Before a successive § 2255 motion may be considered by the district court, it must be certified by a three judge panel of the court of appeals to contain:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (Supp. 1998).

[4] Before a successive § 2255 motion may be considered by the district court, it must be certified by a three judge panel of the court of appeals to contain:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (Supp. 1998).

Finally, his last ground for objection to the Report and Recommendation, asserting that the required *mens rea* could not be established based on the underlying facts, specifically a recently obtained 2001 expert firearms report purportedly finding the firearm used in the offenses to be defective and incapable of being fired. This claim is the identical issue raised in his habeas petition. However, he fails to cite error, in fact or in law, with the conclusion reached by the Magistrate Judge. His objections merely reiterate the same arguments presented in his petition, namely, that he should be permitted to raise his present challenges to his conviction and sentence via a § 2241 petition not only because the sentencing court failed to find merit in these claims at the time his original § 2255 petition was filed, but also based on the lack of other available avenues of redress available to him since his petition for certification to file a successive § 2255 was denied. Consequently, this argument will be rejected for the same reasons set forth in the Report and Recommendation, namely, that the proper avenue for redress of his claim is through certification by the Fourth Circuit Court of Appeals to file a successive § 2255 petition.

**Conclusion**

After careful review and in the exercise of sound judicial discretion, the court will adopt the Magistrate Judge's Report and Recommendation. An appropriate order follows.


Date: May 6, 2005                                     s/ William J. Nealon
                                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER WILLS, | : |
|    Petitioner, | : |
| | :    **CIVIL ACTION NO. 3:04-2328** |
| vs. | : |
| | :    (JUDGE NEALON) |
| JOSEPH SMITH, WARDEN | :    (MAGISTRATE JUDGE SMYSER) |
|    Respondent | : |

## **ORDER**

ACCORDINGLY, THIS 6th DAY OF MAY, 2005, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation (Doc. 13) is ADOPTED;

(2) The petition for writ of habeas corpus (Doc. 1) is DISMISSED;

(3) The Clerk of Court is directed to close this case.

                                              s/ William J. Nealon
                                              United States District Judge